# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DENNIS C. HART,**

  **Plaintiff,**

  v.

               **Case No. 01-C-766**

**TRANSIT MANAGEMENT OF RACINE, INC. et al.,**

  **Defendants.**

# DECISION AND ORDER

On February 13, 2006, the Court granted the motion to withdraw submitted by Plaintiff's counsel. The Plaintiff Dennis C. Hart ("Hart") did not oppose that withdrawal, though, in a letter dated February 16, 2006, he now seeks a stay of proceedings while he finds new representation. This request comes somewhat late in the progress of an already drawn-out action. The deadline for filing dispositive motions was February 10, 2006, the same date on which the Defendant filed its motion for summary judgment. Thus, the withdrawal of Hart's counsel was effected before any meaningful response to the pending motion could be formulated.

The Defendant Transit Management of Racine ("the Defendant") opposes Hart's request to stay the proceedings. In a letter dated February 17, 2006, the Defendant explains that Hart has already used two different attorneys in the course of prosecuting his suit and

granting Hart's present request will simply result in more unnecessary delay. Furthermore, the Defendant states that Hart has not proffered any legally tenable justification for staying the proceedings, though, for that matter, the Defendant does not explain how any prejudice will accrue to it if Hart's request is granted.

Having reviewed and considered the parties' missives, the Court will not stay the proceedings. This case needs to be resolved, preferably sooner rather than later. Thus, Hart is bound by the 30-day time frame for responding to the pending dispositive motion, as set forth in this Court's Local Rules. Insofar as the pending motion was filed while Hart was still represented, the Defendant was not required to comport with this Court's Local Rules regarding notice to *pro se* parties. For Hart's benefit, that notice is appended to this decision.

The Court's decision not to stay the proceedings is based on the presumption that Hart will continue his present status as a *pro se* litigant. However, if Hart should obtain counsel on or before March 15, 2006–the date on which his response to the Defendant's motion is due–*and* if his new counsel requires more time to respond to the Defendant's pending dispositive motion, counsel may move the Court accordingly. In the event that Hart cannot obtain counsel, the Court sees little point now in granting him an extension or stay beyond the time for responding set forth in this district's Local Rules. Thus, on or before March 15, 2006, the Court expects to receive either Hart's response to the Defendant's motion for summary judgment or, if necessary, a request for an extension of time from his newly-retained attorney.

2

The Court takes this opportunity to inform Hart that his present *pro se* status does not excuse him from complying with this Court's Local Rules, orders, deadlines, or the requirements of the Federal Rules of Civil Procedure. Failure to follow these rules, orders, and prescribed deadlines may result in filings being stricken or the imposition of sanctions, including dismissal of Hart's action.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Hart's Motion to Stay the Proceedings (Docket No. 84) is **DENIED**.

Dated at Milwaukee, Wisconsin this 22nd day of February, 2006.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**

**Civil L.R. 7.1 Motion Practice**
(a) Every motion must set forth the rule pursuant to which it is made and, except for those brought under Civil L.R. 7.4 (Expedited Non-Dispositive Motion Practice), must be accompanied by (1) a supporting brief and, when necessary, affidavits or other documents, or (2) a certificate of counsel stating that no brief or other supporting documents will be filed. If the movant fails to comply with either (1) or (2) above, the Court may deny the motion as a matter of course.
(b) On all motions other than those for summary judgment or those brought under Civil L.R. 7.4 (Expedited Non-Dispositive Motion Practice), the opposing party must serve a response brief and, when necessary, affidavits or other documents within 21 days of service of the motion. The movant may serve a reply brief and, when necessary, affidavits or other documents, within 14 days from the service of the response brief.
(c) On motions for summary judgment, the opposing party must serve a response answering brief and affidavits or other documents within 30 days of service of the motion; the movant may serve a reply brief and, when necessary, affidavits or other documents within 15 days of service of the response brief. Parties must also comply with Civil L.R. 56.2 regarding additional summary judgment motion procedures.
(d) All filings under this rule must indicate the date and method of service. On a showing of good cause, the Court may extend the time for the filing of any brief. Failure to file a timely brief shall be deemed a waiver of the right to submit it. All papers served under this rule must be filed promptly. (See Fed.R.Civ.P. 5(d).)
(e) Oral argument, if deemed appropriate, may be scheduled at the discretion of the judicial officer.
(f) Except by permission of the Court, principal briefs on motions must not exceed 30 pages and reply briefs must not exceed 15 pages, exclusive of pages containing the statement of facts, the proposed findings of fact as required by Civil L.R. 56.2, exhibits, and affidavits, but inclusive of headings and footnotes. A reply brief and any affidavits or other documents filed with the reply brief must be limited to matters in reply.

**Civil L.R. 56.1 Summary Judgment Motions in Pro Se Litigation**
(a) If a party is proceeding pro se in civil litigation, and the opposing party files a motion for summary judgment, counsel for the movant must comply with the following procedure: (1) The motion must include a short and plain statement that any factual assertion in the movant's affidavit(s) or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit(s) or other admissible documentary evidence contradicting the factual assertion.
(2) In addition to the foregoing statement, the text to Fed.R.Civ.P. 56(e) and (f), Civil L.R. 56.1, Civil L.R. 56.2, and Civil L.R. 7.1 must be part of the motion.

4

(b) This procedure also applies to motions to dismiss brought pursuant to Fed.R.Civ.P. 12(b)(6) or motions for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) where matters outside the pleading are presented to the Court.

**Civil L.R. 56.2 Additional Summary Judgment Motion Procedures**
Motions for summary judgment must comply with Fed.R.Civ.P. 56 and Civil L.R. 7.1. In addition, with the exception of Social Security reviews the following requirements must be met: (a) Motion. The moving papers must include either (1) a stipulation of facts between the parties, or (2) the movant's proposed findings of fact supported by specific citations to evidentiary materials in the record (e.g., pleadings, affidavits, depositions, interrogatory answers, or admissions), or (3) a combination of (1) and (2).
(1) The movant must present only the factual propositions upon which there is no genuine issue of material fact and which entitle the movant to judgment as a matter of law, including those going to jurisdiction and venue, to the identity of the parties, and to the background of the dispute.
(2) Factual propositions must be set out in numbered paragraphs, with the contents of each paragraph limited as far as practicable to a single factual proposition.
(b) Response. Any materials in opposition to a motion filed under this rule must be filed within 30 days from service of the motion and must include:
(1) A specific response to the movant's proposed findings of fact, clearly delineating only those findings to which it is asserted that a genuine issue of material fact exists. The response must refer to the contested finding by paragraph number and must include specific citations to evidentiary materials in the record which support the claim that a dispute exists.
(2) A party opposing a motion may present additional factual propositions deemed to be relevant to the motion, in accordance with the procedures set out in Subparagraph (a)(2) of this rule. These propositions may include additional allegedly undisputed material facts and additional material facts which are disputed and which preclude summary judgment.
(c) Reply. The movant may serve and file a reply brief within 15 days of service of the response brief. The movant may also respond to the opposing party's proposed findings of fact in accordance with the provisions of subparagraph (b)(1) of this rule.
(d) All factual assertions made in any brief must be supported by both specific citations to evidentiary materials in the record and the corresponding stipulated fact or proposed finding of fact. Parties must file and serve the evidentiary documents cited in their briefs and proposed findings of fact.
(e) In deciding a motion for summary judgment, the Court must conclude that there is no genuine material issue as to any proposed finding of fact to which no response is set out.

**Rule 56(e) and (f) of the Federal Rules of Civil Procedure:**
**(e) Form of Affidavits; Further Testimony; Defense Required.**

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

**(f) When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.