# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DENNIS HART,**

        **Plaintiff,**

**v.**                                               **Case No. 01-C-766**

**TRANSIT MANAGEMENT OF
RACINE, INC., FIRST GROUP
AMERICA, INC., JOHN DIERS
and DAN McCABE,**

        **Defendants.**

## DECISION AND ORDER

This case began when Dennis Hart ("Hart") sued his employer, Transit Management of Racine, Inc. (TMR), alleging racial discrimination, retaliation, and a "hybrid" claim under § 301 of the Labor Management Relations Act.[1] On November 14, 2002, this Court granted summary judgment in favor of TMR, and dismissed the case. The Seventh Circuit vacated the dismissal of Hart's discrimination claim, and remanded the case for further proceedings on that single claim. *See Hart v. Transit Manag. of Racine, Inc.*, 426 F.3d 863, 868 (7th Cir. 2005). TMR subsequently filed another motion for summary judgment, which is now

---

[1] Hart also named as defendants TMR's parent company, general manager, and senior mechanic. The Court refers to these defendants and the company collectively as "TMR."

1

pending before this Court.[2]

**BACKGROUND**

Hart, who is an African American, worked as a mechanic for TMR. (Plaintiff's Proposed Findings of Fact ("PPFOF") ¶¶ 1, 9.) The collective bargaining agreement ("CBA") between Hart's union and TMR specified that TMR would assign overtime based on seniority. (Defendant's Proposed Findings of Fact ("DPFOF") ¶ 12.) At the time of the events giving rise to this lawsuit, Hart was less senior than four mechanics, all of whom were white men. (*Id.* at ¶ 13.)

TMR offered the four senior mechanics an opportunity to perform overtime work on December 17, 2000. (PPFOF ¶ 7.)[3] All four of the mechanics declined the offer. (*Id.* at ¶

---

[2] TMR also filed a motion to strike portions of Hart's, John Thierfelder's, and Scott Basken's affidavits. Hart did not respond to TMR's motion to strike. Accordingly, the Court will grant TMR's motion to strike in its entirety. The Court will not consider paragraphs 7, 9, 10, 11, 12, 13, 14, 15, 16, and 17 of Hart's affidavit. Likewise, the Court will strike paragraphs 4 and 6 of Thierfelder's affidavit and paragraphs 4, 5, and 6 of Basken's Affidavit.

[3] TMR conceded on appeal that it offered the overtime work of December 17, 2000 to the four senior mechanics. *See Hart*, 426 F.3d at 867-68. However, on remand TMR argues that none of the affidavits submitted by Hart demonstrate that the four senior mechanics were asked to perform the December 17, 2000 overtime work.
    The Court finds TMR's argument unpersuasive. When considering a summary judgment motion, the Court must consider the evidence in the light most favorable to the nonmovant. *See Hall v. Bennett*, 379 F.3d 462, 465 (7th Cir. 2004). The affidavits of Ambrosini and Bankenbush both assert that "overtime was needed on December 17, 2000." (Ambrosini Aff. ¶ 2; Bankenbush Aff. ¶ 2.) The next sentence (paragraph 3) of both affidavits state that they were asked "to do overtime work" on or about December 14 or 15, 2000. (Ambrosini Aff. ¶ 3; Bankenbush Aff. ¶ 3.) TMR says that the "overtime work" referred to in paragraph 3 of their affidavits is overtime work of December 14 or 15, 2000, not the overtime work of December 17, 2000. Hart disagrees, and argues that the "overtime work" in paragraph 3 of their affidavits refers to the December 17, 2000 overtime work referenced in the previous sentence. Given that the Court must construe the evidence in the light most favorable to Hart, and given TMR's concession on appeal, the Court finds that TMR offered the December 17, 2000 overtime work to the four senior mechanics.

2

8.) Instead of offering the overtime work to the next person on the seniority list, Dennis Hart, TMR instead offered the overtime opportunity to Julie Kalk, the senior mechanic's helper who is a white female. (*Id.* at ¶ 10.)

Hart filed a discrimination claim, pursuant to 42 U.S.C. § 1981. This Court originally granted summary judgment in favor of TMR because Hart and Kalk were not similarly situated due to their different job classifications. *See Hart v. Transit Manag. of Racine*, *Inc.*, 01-C-766 (Nov. 14, 2002). The Seventh Circuit disagreed, and found that, with regard to the December 17, 2000 incident, "Hart met his burden to demonstrate a *prima facie* case of discrimination." *See Hart*, 426 F.3d at 867. The Seventh Circuit also added that TMR "failed to advance a nondiscriminatory reason for what circumstantial evidence shows to be a discriminatory employment action." *Id.* at 868.[4]

## STANDARD OF REVIEW

A court will grant summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no

---

[4] For the first time in this litigation, Hart raises two other incidents of discrimination, both of which are baseless. First, he alleges that he was a victim of discrimination on April 14, 2001, when he was not offered an overtime opportunity. When he complained to TMR about the incident, TMR paid Hart the salary he would have earned if he had worked the overtime period. Because he was paid the money to which he now claims he is entitled, there is no "adverse employment action," which defeats his claim. *See Rhodes v. Ill. Dep't of Transp.*, 359 F.3d 498, 505 (7th Cir. 2004).

Hart also argues that TMR discriminated against him on April 29, 2001, when TMR changed the overtime policy so that overtime work is first offered to the senior mechanic, rather than on a rotating basis. His claim is meritless. Hart offered no admissible evidence demonstrating that TMR ever offered overtime work on a rotating basis. In addition, even if TMR changed its policy away from a rotating system, it would harm other white mechanics just as much as it would harm Hart.

Because Hart's new claims of discrimination are clearly without merit, the Court will focus its opinion entirely on the alleged discrimination of December 17, 2000.

3

genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A "material fact" is one which, under the relevant substantive law, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" of material fact exists if a reasonable juror could find that the evidence supports a verdict for the nonmoving party. *Id.*

The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. When considering the movant's case, the Court should take all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Hall v. Bennett*, 379 F.3d 462, 465 (7th Cir. 2004). If the movant meets his burden (by showing an absence of a genuine issue of material fact), the nonmovant may not rest on the pleadings. Instead, the nonmovant must come forward with evidence that there is a genuine issue for trial that would support a reasonable jury verdict on every issue for which he bears the burden of proof at trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248 (citing *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253 (1968)); *Celotex Corp.*, 477 U.S. at 322-24. If the nonmoving party bears the burden of proof on a matter at trial, and he is unable "to establish the existence of an element essential to [his] case," summary judgment is appropriate. *Celotex*, 477 U.S. at 322-23.

4

## DISCUSSION

Hart relies on the indirect, burden-shifting method to prove his § 1981 discrimination claim. Using this method, Hart first must demonstrate a *prima facie* case by producing evidence that "he is member of a protected class, was qualified for the benefit sought, was denied the benefit, and was treated less favorably than a similarly situated employee outside the protected class." *Hart*, 426 F.3d at 867. If Hart demonstrates a *prima facie* case, TMR must articulate a nondiscriminatory reason for the adverse employment action. *Id.* If TMR provides such a reason, then Hart must show that the reason is a pretext. *Id.*

With regard to the December 17, 2000 incident, the Seventh Circuit has already decided the matter. Reviewing the evidence in a light most favorable to Hart, the Seventh Circuit held that "Hart met his burden to demonstrate a *prima facie* case of discrimination," and that "TMR failed to advance a nondiscriminatory reason." *Id.* at 867-68.

Nevertheless, TMR challenges the Seventh Circuit's holding on remand. TMR argues that the incident of December 17, 2000 was not an "adverse employment action" because Hart was only denied 3.5 hours of work, which would have allowed Hart to only earn an additional $93.61. (Bankenbush Aff. ¶ 5.) An "adverse employment action" occurs when there is "a significant change in employment status, such as a hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus. Inc. v. Ellerth*, 524 U.S. 742, 761 (1998). In fact, the Seventh Circuit has held that the loss of one day of wages was not substantial

5

enough to qualify as an adverse employment action. *See Rhodes v. Ill Dep't of Transp.*, 359 F.3d 498, 505 (7th Cir. 2004). TMR argues, therefore, that the loss of less than a day of wages also is not an adverse employment action.

While the Court finds TMR's argument compelling, the Court is constrained by the "law of the case" doctrine. The "law of the case" doctrine requires this Court to adhere to previous rulings made during the course of the litigation. *See Avitia v. Metropolitan Club of Chicago, Inc.*, 49 F.3d 1219, 1227 (7th Cir. 1995). While this requirement is not a "straightjacket," it is particularly compelling when a higher court issues the ruling at issue. *See id.* ("If the original ruling was by a higher court, the lower court will be required by the most elementary sense of stare decisis to adhere to the ruling unless the reasons for departure are truly compelling, such as a contrary ruling by a still higher court.")

TMR's subsequent offer of evidence that the overtime at issue is only 3.5 hours is not a significant change to the facts that the Seventh Circuit considered on appeal. The Seventh Circuit acknowledged that Hart's discrimination claim only centered around the one denial of overtime work on December 17, 2000. *See Hart*, 426 F.3d at 866. Yet, nevertheless, the Seventh Circuit held that Hart "met his burden to demonstrate a *prima facie* case of discrimination." *Id.* at 867. This Court is bound by the "law of the case" doctrine to adhere to the Seventh Circuit's holding, and reject TMR's argument on remand.

Because Hart demonstrated a *prima facie* case of discrimination, the burden shifts to TMR to offer a nondiscriminatory reason for its action. TMR claims that it offered the

6

overtime work to Kalk because she was the least expensive employee capable of performing the job requirements. As a mechanic's helper, Kalk earned $15.40/hour. (DPFOF ¶ 23.) As a mechanic, Hart earned $17.83/hour. (*Id.*) So, TMR argues, it offered the work to Kalk in order to be fiscally responsible, which this Court finds to be a legitimate, nondiscriminatory reason.

Having found that TMR offered a nondiscriminatory reason, the burden shifts back to Hart to show that the nondiscriminatory reason is a pretext. *See Baron v. City of Highland Park*, 195 F.3d 333, 341 (7th Cir. 1999). The nondiscriminatory reason is a pretext if the reason (1) is factually baseless, (2) was not the actual motivation behind the defendant's decision, or (3) was insufficient to motivate the decision. *Id.* Here, TMR's reason appears to be factually baseless. While it is true that Kalk, as a mechanic's helper, earned less than Hart, who was a mechanic, TMR also offered the overtime work to four other senior mechanics before offering the work to Kalk. That is, TMR offered the overtime work to four mechanics who were paid the same hourly rate as Hart. Thus, TMR's assertion that it did not offer the overtime work to Hart to save money, when viewed in the light most favorable to Hart, appears to be factually baseless. Accordingly, relying on the holding of the Seventh Circuit, the Court must deny TMR's motion for summary judgment as it pertains to the overtime work of December 17, 2000.

7

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

TMR's Motion for Summary Judgment (Docket No. 82) is **DENIED**.

TMR's Motion to Strike (Docket No. 95) is **GRANTED**.

Dated at Milwaukee, Wisconsin this 21st day of June, 2006.

                                         **BY THE COURT**

                                         s/ Rudolph T. Randa
                                         **Hon. Rudolph T. Randa**
                                         **Chief Judge**